# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFERY MORGAN, #M31292 | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 19-cv-00644-SMY ) |
| WEXFORD HEALTH SERVICES, INC., DEE DEE BROOKHART, and LAURA CUNNINGHAM, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jeffery Morgan, an inmate of the Illinois Department of Corrections currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff asserts an Eighth Amendment claim for deliberate indifference to a serious medical need. (Doc. 1). He seeks monetary damages and injunctive relief. (*Id.*).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint: Plaintiff suffered injuries on July 2, 2017 while in the custody of the Chicago Police Department. (Doc. 1, p. 4). He was treated

at a hospital for a broken right tibia and fibula, torn right ACL, and a torn right Achilles tendon. Plaintiff was transferred to IDOC custody on July 26, 2018 and was incarcerated at Lawrence. He made Warden Dee Dee Brookhart and Health Care Unit Administrator Laura Cunningham aware of his injuries via the initial intake physical examination review. Sometime thereafter, Plaintiff saw a physician who ordered physical therapy. (*Id.* at 5). As of June 8, 2019, he had not received physical therapy or sufficient medical care. His right foot has no feeling and swells at times and he suffers pain because of the injuries.

Plaintiff filed a grievance for lack of medical care on March 26, 2019. The response from Cunningham stated that Plaintiff had refused physical therapy on November 28, 2018. Plaintiff filed another grievance stating he had not refused medical care. (*Id.* at 6). His grievance was denied. On appeal, the Administrative Review Board acknowledged the fact that he had not received physical therapy, but took no action. Wexford contracts with IDOC as a health care provider and is liable for damages incurred by its employee, Cunningham. (*Id.* at 7).

Based on the allegations in the Complaint, the Court designates the following Count:

**Count 1:** Eighth Amendment deliberate indifference to a serious medical needs claim against Defendants for failure to provide physical therapy or other sufficient medical care.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation does not constitute an opinion regarding its merit. **Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.[1]**

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Discussion**

28 U.S.C. § 1983 creates a cause of action based on personal liability and predicated upon fault. Therefore, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 805, 810 (7th Cir. 2005). To state a claim against a defendant, a plaintiff must describe what the defendant did or failed to do that violated the plaintiff's constitutional rights. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (plaintiff must assert a specific act of wrongdoing by a specific individual to meet the personal involvement requirement necessary for Section 1983 liability). Conclusory allegations are insufficient to state a claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

**Count 1**

To state an Eighth Amendment claim for deliberate indifference to a serious medical need, an inmate must show that (1) he suffered from an objectively serious medical condition; and (2) the defendant was deliberately indifferent to a risk of serious harm from that condition. *Rasho v. Elyea*, 856 F.3d 469, 475-76 (7th Cir. 2017). The subjective component of the claim requires the plaintiff to demonstrate that each defendant responded to his medical condition with deliberate indifference. *See Berry v. Peterman*, 604 F.3d 435, 440-41 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

Although the Complaint suggests that Warden Brookhart and Health Care Unit Administrator Cunningham were aware of the injuries Plaintiff sustained a year prior to his incarceration at Lawrence, Plaintiff does not allege they caused or participated in a denial or delay of any medical treatment. Nor does he allege that they were aware of the physician's order for physical therapy and caused or participated in the denial of that treatment. Accordingly, the deliberate indifference claim against Brookhart and Cunningham will be dismissed without

prejudice for failure to state a claim for relief.

Plaintiff also fails to state a claim against Wexford because it cannot be held liable based on the actions of its employees or agents. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) ("*respondent superior* liability does not apply to private corporations under § 1983"). Wexford can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Id.* Plaintiff does not allege that a Wexford policy or practice caused any denial or delay of medical treatment. As such, Plaintiff's deliberate indifference claim against Wexford in Count 1 will be also dismissed without prejudice for failure to state a claim.

## Disposition

**IT IS HEREBY ORDERED** that this matter does not survive 28 U.S.C. § 1915A review, and the Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **OCTOBER 4, 2019**. Should Plaintiff decide to file a First Amended Complaint, he should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights. A successful complaint generally alleges "the who, what, when, where, and how ...." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Plaintiff should attempt to include the relevant facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. The First Amended Complaint should comply with Rule 8 and *Twombly* pleading standards.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent

with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

If Plaintiff decides to file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00628-SMY). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change

in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: SEPTEMBER 3, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
