IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY MORGAN, #M31292, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WEXFORD HEALTH SOURCES, INC., )<br>DEE DEE BROOKHART )<br>LAURA CUNNINGHAM, )<br>ROB JEFFREYS, and )<br>DEBBIE KNAUER, )<br>)<br>Defendants. ) | Case No. 19-cv–00644-SMY |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jeffrey Morgan, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He claims the defendants were deliberately indifferent to his serious medical needs and seeks injunctive and monetary damages.

Plaintiff's Amended Complaint (Doc. 9) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

**The Amended Complaint**

Plaintiff makes the following allegations in the Amended Complaint:  Plaintiff's leg was significantly injured during his arrest in July 2017.  (Doc. 9, p. 2).  He was given treatment including a cane and physical therapy while awaiting trial.  (*Id.*).  Upon being convicted, he was sent to the Northern Reception Center where they took his cane but started him on a course of medication for pain and swelling in his leg, including Neurontin.  (*Id.,* pp. 2-3).

Plaintiff arrived at Lawrence Correctional Center in August 2018.  (*Id.*, p. 3).  He was prescribed Neurontin and Tylenol during his initial exam.  (*Id.* p. 3).  Plaintiff initially had issues getting on the list for physical therapy services because there was no physical therapist on staff.

Plaintiff filed a grievance on March 26, 2019 regarding his inability to receive physical therapy.  (*Id.*).  The response referred to a statement by the Health Care Unit Administrator (Defendant Cunningham) that he had refused therapy in November 2018 (an assertion Plaintiff disputes).  (*Id.*, p. 4).  This grievance and Plaintiff's response were reviewed by Defendant Knauer at the Administrative Review Board and denied, with Defendant Jeffreys concurring.  (*Id.*).

In March 2019, Plaintiff's Neurontin was switched to a different medication which had intolerable side-effects.  On June 4, 2019, Plaintiff was seen by Dr. Pittman, who issued a new prescription for Neurontin and physical therapy.  (*Id.*, p. 4).  He was given a different medication instead (possibly Cymbalta) which also had intolerable side effects.  (*Id.*).  Plaintiff filed another grievance in July 2019 regarding the new medication and lack of physical therapy.  (*Id.*).  As of the filing of the Amended Complaint, that grievance had not been exhausted.  (*Id.*, p. 6).

Plaintiff had four physical therapy appointments in August 2019, after which he was told there was "nothing else they could do."  (*Id.*, p. 4). He was moved to a second-floor cell in September 2019, despite having a low-gallery permit.  (*Id.*).  Plaintiff is still not receiving proper

pain medication.

Based on the allegations of the Amended Complaint, the Court finds it convenient to designate a single Count in this *pro se* action:

> **Count 1:** **Eighth Amendment claim for deliberate indifference to a serious medical need by Brookhart, Cunningham, Knauer, Jeffreys, and Wexford.**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[1]**

### Discussion

Deliberate indifference to serious medical needs of prisoners may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, an inmate must adequately allege that: (1) he suffered from an objectively serious medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To be liable under § 1983, a defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005).

As an initial matter, Plaintiff has "pled himself out of court" regarding the switching of his medication because he acknowledges the grievance he filed on July 9, 2019 was still on appeal at the time he filed the Amended Complaint. (Doc. 9, pp. 4, 6). Exhaustion of administrative remedies must occur before suit is filed. In other words, a plaintiff cannot file suit and then exhaust

---

[1] See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

his administrative remedies while suit is pending. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

Plaintiff fails to state a viable claim against Defendants Jeffreys, Knauer or Brookhart. He merely states that they were "aware that their actions…created a policy, practice and custom" under which there was failures in administering medications, follow-up care, record-keeping, and following protocol for refusal of treatment, as well as chronic understaffing, delaying and denial of referrals and "an environment with an overall lack of accountability." (Doc. 9, pp. 6-7). These conclusory allegations are insufficient to state a claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). His only allegations regarding actions by these Defendants are that they were made aware of Plaintiff's "lack of appropriate treatment" through the grievance process and did not respond to his grievances in the manner he desired. Prison grievance procedures are not mandated by the Constitution, and alleged mishandling of grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Similarly, prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance, which precludes liability under Section 1983. *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). As such, Plaintiff states no claim against these Defendants.

Plaintiff also fails to state a claim against Wexford. To state a claim against a private corporation acting on behalf of the state, a plaintiff must demonstrate that the wrongdoers acted pursuant to an unconstitutional policy or custom, and that the policy was the moving force behind the constitutional violation. *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016); *Shields v. Ill Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014); *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). Plaintiff makes the same broad allegations that Wexford was

aware that its actions had created a policy, practice or custom as he made against Brookhart, Jeffreys and Knauer, but does not make any allegations as to what Wexford's actions were, or how the policy, practice or custom was a moving force behind his alleged constitutional deprivation. Thus, he does not state a claim against this Defendant.

Plaintiff has stated a colorable claim against Cunningham. Cunningham was allegedly consulted to respond to Plaintiff's March 2019 grievance and appears to have done some investigation into why Plaintiff was not receiving physical therapy as prescribed.

### Disposition

For the foregoing reasons, all claims against Brookhart, Jeffreys, Knauer and Wexford are **DISMISSED without prejudice**. Brookhart will be retained in the case in her official capacity only for purposes of carrying out any injunctive relief that may be awarded. The Clerk of Court is **DIRECTED** to **TERMINATE** Jeffreys, Knauer and Wexford as parties in CM/ECF.

The Clerk of Court shall prepare for Defendants Cunningham and Brookhart (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the

Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

The Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  JUNE 22, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE
United States District Judge**

## **Notice**

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the Defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**